UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

April 27, 2006

**Before**

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 04-2008

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *Plaintiff-Appellee,* | |
| v. | No. 01 CR 783 |
| EDDIE R. CARTER, | Charles R. Norgle, Sr., *Judge.* |
| *Defendant-Appellant.* | |

**O R D E R**

A jury convicted Eddie Carter on two counts of bank robbery, 18 U.S.C. § 2113(a), and one count of brandishing a firearm in the commission of a bank robbery, 18 U.S.C. § 924(c)(1)(A)(ii). The district court sentenced Carter to 272 months of imprisonment. Thereafter, we affirmed the conviction and the district court's guideline calculation. *See United States v. Carter*, 410 F.3d 942, 948-56 (7th Cir. 2005). Additionally, we ordered a limited remand under *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), so that the district court could state on the record whether the sentence remains appropriate now that *United States v. Booker*, 543 U.S. 220 (2005), has limited the guidelines to advisory status. *See Carter*, 410 F.3d at 953-54, 956.

In reply, after reviewing the appropriate considerations under 18 U.S.C. § 3553(a), the district court stated it would have imposed the same sentence had it known that the guidelines were advisory. Carter did not respond to our invitation

to file arguments concerning the appropriate disposition of the appeal in light of the district court's limited remand decision. The government did respond, and it requests that we affirm.

The appropriate guideline range for the two bank robbery counts was 188-235 months. The district court's sentence on these counts was 188 months. The additional 84 months was a mandatory statutory penalty under § 924(c)(1)(A)(ii) for the third count of brandishing a firearm. Thus, the 272-month sentence was the lowest possible sentence under the applicable guideline and statutory provisions. We do not see any reason why Carter's sentence would be deemed unreasonable in post-*Booker* practice. The judgment of the district court therefore is AFFIRMED.